

FILED
NOV 29 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA SOTO,<br><br>                    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>                    Defendant. | Case No.: 3:17-cv-01584-BEN-MSB<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND**<br><br>**(3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[Docket Nos. 18, 24, 29]** |

      Plaintiff Sylvia Soto filed this action seeking judicial review of the Social Security Commissioner's denial of her application for disability insurance benefits. (Docket No. 1.) Plaintiff filed a motion for summary judgment (Docket No. 18), and Defendant filed

---

[1] Acting Commissioner of Social Security Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn C. Colvin pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

1

3:17-cv-01584-BEN-MSB

a cross-motion for summary judgment and an opposition to Plaintiff's motion. (Docket Nos. 24, 25.) Plaintiff did not file a response to Defendant's cross-motion.

On September 25, 2018, Magistrate Judge Robert N. Block issued a thoughtful and thorough Report and Recommendation, recommending that this Court grant Plaintiff's motion for summary judgment, deny Defendant's cross-motion for summary judgment, and reverse the Commissioner's decision and remand for further administrative proceedings. (Docket No. 29.) Plaintiff's Motion for Summary Judgment contends that the Administrative Law Judge ("ALJ") committed reversible error by (1) failing to properly evaluate the medical opinion evidence of two examining physicians and two treating physicians in determining Plaintiff's Residual Functional Capacity ("RFC"), and (2) failing to make a proper adverse credibility determination. Magistrate Judge Block found the ALJ did not err with respect to three out of the four doctors. However, with respect to Plaintiff's treating physician, Dr. Hall, Magistrate Judge Block found the ALJ failed to state legally sufficient reasons for rejecting Dr. Hall's February 2016 Treating Source Statement. Specifically, Magistrate Judge Block found that because the ALJ's stated rationale for rejecting Dr. Hall's opinions was predicated upon the ALJ's mistaken belief that they were rendered by Dr. Padron-Spence, the ALJ did not state legally sufficient reasons for rejecting Dr. Hall's opinions. As the opinion of a treating physician is arguably the most important, the omission is not harmless. In addition, Magistrate Judge Block found the ALJ erred by failing to provide specific reasons for her adverse credibility determination of Plaintiff's testimony. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) ("While an ALJ may certainly find testimony not credible and disregard it . . . we cannot affirm such a determination unless it is supported by specific findings and reasoning."). This also necessitates remand.

Objections to the Report and Recommendation were due by October 9, 2018. (Docket No. 29.) Neither party has filed any objections. For the reasons that follow, the Report and Recommendation is **ADOPTED**.

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

The Court need not conduct de novo review given the absence of objections. Nevertheless, the Court has considered the parties' arguments and fully **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **GRANTED**. Defendant's cross-motion for summary judgment is **DENIED**. Accordingly, the Commissioner's decision is **REVERSED**, and this matter is **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date: November 29, 2018

HON. ROGER T. BENITEZ
United States District Judge